115 Broadway, Suite 1704
New York, NY 10006
212.264.9940
Fax 212.898.1187
neil@checkmanlaw.com

LAW OFFICES OF NEIL B. CHECKMAN

May 15, 2020

*Neil Checkman is appointed as CJA counsel for the purpose of the sentence reduction application, nunc pro tunc to April 10, 2020.*
*SO ORDERED*
*[signature] USDJ 5-27-20*

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
**By ECF and email**

Re: United States v. Sebastien Baez,
    S-1  18 Cr. 505 (PKC)

Dear Judge Castel:

As the Court will recall, I represented Sebastien Baez on the above-referenced Case. On May 20, 2019, this Court sentenced Mr. Baez to 33 months incarceration to be followed by 3 years Supervised Release. He was allowed to voluntarily surrender on July 16, 2019 by 2 P.M., which he did. His release date is listed on the BOP website as November 17, 2021.

Mr. Baez is a 28 year-old, first offender, who is incarcerated at FCI Fort Dix in New Jersey. He continues to suffer from severe neck, back, stomach and eye problems and has been hampered in his recovery from back surgery by the failure of the Bureau of prisons to provide physical therapy, which has been exacerbated by the Covid-19 pandemic. I am writing, pursuant to 18 U.S.C. §3582(c)(1)(A), to request that the Court direct that Mr. Baez be released to serve the balance of his sentence on home confinement.

**Background**

Mr. Baez was safety-valve eligible, the Probation Service recommended a sentence of 12 months, and the Government recommended a below guidelines sentence of incarceration. Counsel requested a sentence of Time Served. As stated in the Government's sentencing letter to the Court dated May 8, 2019, "The defendant himself appears to have delivered only a fraction of the drugs that the overall conspiracy was responsible for, and his role appears to have been limited to intercepting and delivering the packages. He took direction from others who were higher up in the conspiracy. He did not process the drugs, package the drugs, ship the drugs, or

Hon. P. Kevin Castel
May 15, 2020
Page 2

find the customers for the drugs; his role was limited to making deliveries at the direction of others."

**The COVID-19 Pandemic**

As of this writing, the novel strain of the coronavirus which causes COVID-19, has infected over 4.49 million people leading to at least 306, 376 deaths worldwide with the United States now leading the world with 1,470,688 confirmed cases and 87,773 deaths.[1]

On March 11, 2020, the World Heath Organization officially classified COVID-19 as a Pandemic.[2] New York State Governor Andrew Cuomo declared a State of Emergency on March 7, 2020[3] President Trump declared a State of Emergency for the nation on March 13, 2020.[4] On May 6, 2020, New Jersey Governor Phil Murphy extended New Jersey's Public Health Emergency as the state's COVID-19 cases neared 132,000.[5]

Given what we know about COVID-19, the BOP is on the precipice of an uncontrollable and lethal explosion of the virus. Coronavirus is highly contagious. On average, one person with the coronavirus will infect between two to three other individuals.[6]

That said, in the prison setting at FCI Fort Dix, where it is impossible for inmates to practice recommended social distancing, the chances for the spread of infection is enhanced. According to one report from a colleague, over 200 inmates were gathered together and informed that they would not be released by the warden, so they should not apply for compassionate

---

[1] See https://worldometers.info/coronavirus/ (Continuously updated)

[2] WHO Characterizes COVID-19 as a Pandemic, World Health Organization (March 11, 2020) at https://bit.ly/2W8dwpS

[3] https://www.governor.ny.gov/news/no-202-declaring-disaster-emergency-state-new-york

[4] Whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak

[5] https://philidelphia.cbslocal.com/gov-phil-murphy

[6] "The average coronavirus patient infects at least 2 others, suggesting the virus is more contagious than flu, Business Insider (March 17, 2020) available at https://www.businessinsider.com/coronavirus-contagious-r-naught-average-patient-spread-2020-3

Hon. P. Kevin Castel
May 15, 2020
Page 4

**Court Intervention is Necessary Under the First Step Act Because the BOP Failed to Respond to Mr. Baez's Application for Compassionate Release**

Under 18 U.S.C. §3582(c)(1)(A)(i), "extraordinary and compelling reasons" warrant a reduction where such a reduction is consistent with applicable public policy statements issued by the Sentencing Commission.

District Courts across the country are increasingly using this provision to grant compassionate release and reduce a defendant's sentence based upon the "extraordinary and compelling reasons" presented by the extreme dangers posed to incarcerated individuals by COVID-19. In the Southern District of New York alone there have been at least 25 cases to date where incarcerated individuals were released due to the risks presented by the COVID-19 virus.[9]

---

[9] United States v. Jonathan Medina. No. 09 Cr. 983 (WHP), ECF Dkt. 241 (S.D.N.Y. May 11, 2020) releasing defendant with asthma who was serving last two months of 9-month VOSR sentence); United States v. Joseph Venice, No. 17 Cr. 89 (CS), ECF Dkt. 1009 (S.D.N.Y. May 7, 2020) (granting release to defendant sentenced to 18 months for RICO violation, despite the fact that he is a "made member of an organized crime family"); United States v. Alberto Pena, No. 15 Cr. 551 (AJN), ECF. Dkt. 340 (S.D.N.Y. May 8, 2020) (granting relief to 60 year-old defendant with hypertension and hyperlipidemia who was convicted of violent armed robbery and had served about 2/3 of 84-month sentence; court waived exhaustion); Unityed States v. Adam Field, No. 18 Cr. 426 (JPO), ECF Dkt. 38 (S.D.N.Y. May 4, 2020) (granting release to defendant with hypertension after BOP denied request); United States v. Joel Prado, No. 13 cr. 811 (ALC), ECF Dkt. 722 (S.D.N.Y. April 30, 2020) (granting compassionate release over government's objection claiming defendant was safer at FCI Schuyikill rather than in New York City and that he psoed a danger to the community); United States v. Enrique Rivera, No. 86 Cr.1124 (JFK), ECF Dkt. 74 (S.D.N.Y. May 1, 2020) (granting release to medically vulnerable defendant based upon COVID-19; court found new compassionate release statute did not apply, but granted relief under old Rule 35); United States v. Gregory Cooper, No. 08 Cr. 356 (KMK) (S.D.N.Y. April 28, 2020) (granting release where government agreed exhaustion met because the warden denied the application; defendant has alarmingly bad criminal history" and 4 years left to serve, but had already served 11 years); United States v. Jeffrey Musumeci, No. 07 Cr. 402 (RMB), ECF Dkt. 58 (S.D.N.Y. April 28, 2020) (granting release and waiving exhaustion requirements despite government objection); United SATTES V. Haena Park, No, 16 cr. 473 (RA) (S.D.N.Y. April 24, 2020) (granting compassionate release after government agreed to waive exhaustion and BOP delayed and possibly recinded promise to release defendant at FCI Danbury to home confinement); United States v. Gerard Scparta, No. 18 Cr. 578 (AJN) (S.D.N.Y. April 19, 2020) (finding court could waive exhaustion requirement and granting release; good criticism of BOP quarantine procedures and condtions); United States v. Asher Kataev, No. 16 Cr. 763 (LGS), ECF Dkt. 779 (S.D.N.Y. April 15, 2020) (granting compassionate release with government consent); United States v. Phillip Smith, No. 12 Cr. 133 (JFK), ECF

Hon. P. Kevin Castel
May 15, 2020
Page 5

**Administrative Remedies Have Been Exhausted**

On April 14, 2020, counsel filed a request on behalf of the defendant to the Warden of FCI Fort Dix requesting compassionate release. To date, no response from the Warden has been received. (See, attached request as Exhibit "A")

---

Dkt. 197 (S.D.N.Y. April 13, 2020) (finding court could waive exhaustion requirement and granting compassionate release); United States v. William Knox, No. 15 Cr. 445 (PAE), ECF Dkt. 1088 (S.D.N.Y. April 10, 2020) granting release on consent; government initially opposed then agreed to waive exhaustion); United States v. Leon Santiago, No. 12 Cr. 732 (WHP) ECF Dkt. 235 (S.D.N.Y. April 10, 2020) (granting release on consent); United States v. Kenneth Moore, No. 14 cr. 476 (PGG) (granted on consent with with 9 months remaining on sentence; government agreed to waive exhaustion because client at GEO) [reported by lawyer, but not on the docket]; United States v. Nehemiah McBride, No. 15 Cr. 876 (DLC), ECF Dkt. 73, (S.D.N.Y. April 7, 2020) (granting unopposed motion); United States v. Tia Jasper, No. 18 Cr. 390 (PAE), ECF Dkt. 441 (S.D.N.Y. April 6, 2020) (granting unopposed motion); United States v. v. Clark Harris, No. 18 Cr. 364 (PGG), ECF Dkt. 413 (S.D.N.Y. April 6, 2020) (granting unopposed motion); United States v. Nunzio Gentille, No. 19 Cr. 590 (KPF) (S.D.N.Y. April 9, 2020) (granting release where government agreed to waive exhaustion and did not oppose motion); United States v.Zukerman, No. 16 Cr. 194 (AT), 2020 WL 1659880 at *1 (S.D.N.Y. April 3, 2020) (waiving exhaustion requirement over government objection and granting release); United States v. Resnick, No. 12 Cr. 152 (CM), ECF Dkt. 461 (S.D.N.Y. April 2, 2020) (granting release and and finding exhaustion requirement met because request submitted by hand 30 days ago); United States v. Daniel Hernandez, No. 18 Cr. 834 (PAE), ECF Dkt. 446 (S.D.N.Y. April 1, 2020) (granting compassionate release after BOP denied the request and converting remaining sentence to home confinement); United States v. Wilson Perez, No. 17 Cr. 513 (AT), ECF Dkt. 98 (S.D.N.Y. April 1, 2020) (granting release based on health issues and finding court could waive exhaustion requirement; government did not object based upon defendant's medical condtions); United States v. Eli Dana, No. 14 Cr. 405 (JMF), ECF Dkt. 108 (S.D.N.Y. March 31, 2020) (granting compassionate release motion without exhaustion of adminstrative remedies, where government consented); United States v. Damian Campagna, No. 16 Cr. 78 (LGS), 2020 WL 1489829, at *1 (S.D.N.Y. March 27, 2020) (granting compassionate release sentencing reduction to defendant convicted of firearms offenses based upon defendant's health and threat he faced from COVID-19; government consented to reduction and agreed health issues and COVID19 were basis for relief).

Hon. P. Kevin Castel
May 15, 2020
Page 6


**Conclusion**

Accordingly, counsel requests that the Court release Mr. Baez on Compassionate Release to home confinement, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), or in the alternative hold a hearing to determine the appropriateness of this application.

Very truly yours,

Neil B. Checkman

/NBC
enclosure
cc: A.U.S.A. Adam Hobson (By ECF and email)
    Mr. Sebastien Baez   (By regular mail)

Exhibit "A"

Mr. Sebastien Baez
Register No. 85964-054
FCI Fort Dix
5756 Hartford & Pointville Road
Joint Base MDL, NJ 08640


David E. Ortiz, Warden
FCI Fort Dix 5756 Hartford & Pointville Road
Joint Base MDL, NJ 08640
**By email: FTD/ExecAssistant@bop.gov**

### Re: Compassionate Release Pursuant to 18 U.S.C. §3582(C)(1)(A)

Dear Warden Ortiz:

I write to formally petition for compassionate release under 18 U.S.C. §3582(c)(1)(A) to serve out the remainder of my sentence on home incarceration due to the extraordinary danger that Covid-19 poses to me based upon my pre-existing medical conditions, and the increased risk of contracting the virus while incarcerated at FCI Fort Dix.

Specifically, I am 28 years old, who suffers from severe neck, back, stomach and eye problems. In addition to the lingering pain I still experience from my back surgery, in February of 2019, and for which I have not been receiving physical therapy, I also suffer from epigastric pain, chronic superficial gastritis without bleeding, gastroesophageal reflux disease without esophagitis, and functional dyspepsia. In addition, I have severe issues with my eyes and have been diagnosed with Keratoconus, since 2015.

Incarceration at FCI Fort Dix increases my chances of contracting Covid-19. Although the CDC recommends "social distancing" to prevent the spread of infection, the conditions of incarceration require almost constant contact with other inmates who have been removed from dorms whether inmates have tested positive. I also cannot disinfect as recommended to reduce transmission of the virus as hand sanitizer is contraband in jails and prisons because of its alcohol content.

My release date is currently set for November 17, 2021. I am fearful that I will contract the virus and that it could result in a death sentence. To avoid the mortal danger posed to me by the Covid-19 pandemic, I respectfully ask for compassionate release so I can serve out the remainder of my sentence in home incarceration at my mother's home located at 225 Lawrence Street, Patterson, NJ 07501.

Sincerely,

Sebastien Baez, Reg. No. 85964-054